United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SAKAI, in his capacity as Trustee of the Fusako Sakai 1995 Revocable Trust under Trust Agreement dated June 27, 1995,<br><br>    Plaintiff,<br><br>  v.<br><br>MERRILL LYNCH LIFE INSURANCE COMPANY, et al.,<br><br>    Defendant.<br>_____/ | No. C-06-2581 MMC<br><br>**ORDER DENYING MOTION TO DISMISS; VACATING HEARING**<br><br>(Docket No. 64) |

    Before the Court is the motion filed January 24, 2007 by defendants Merrill Lynch Life Insurance Company and Merrill Lynch Life Agency, Inc. to dismiss the Third Amended Complaint ("TAC"), pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Plaintiff Dale Sakai ("plaintiff"), in his capacity as trustee of the Fusako Sakai ("Sakai") 1995 Revocable Trust ("Sakai Trust"), has filed opposition to the motion; defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the March 2, 2007 hearing, and rules as follows:

    1. Plaintiff has adequately alleged timeliness of the cause of action for violation of § 17200 of the California Business and Professions Code. Although the instant action was

filed April 14, 2006, nearly seven years after the last asserted wrongful act assertedly occurred,[1] and the statute of limitations for a § 17200 claim is four years, see Cal. Bus. & Prof. Code § 17208, plaintiff has adequately alleged tolling of the statute of limitations.  In particular, as plaintiff alleges defendants are in a fiduciary relationship with Sakai, (see TAC ¶ 24), "the statute does not run until [plaintiff] has notice or knowledge of facts sufficient to put a reasonable man on inquiry."  See Hobart v. Hobart Estate Co., 26 Cal. 2d 412, 442 (1945); see also Miller v. Bechtel Corp., 33 Cal. 3d 868, 875 (1983) (finding action against fiduciary time-barred because plaintiff became aware of "facts which would make a reasonably prudent person suspicious," and thus "had a duty to investigate further, and . . . was charged with knowledge of matter which would have been revealed by such an investigation").  Where, as here, the plaintiff relies on such rule, the plaintiff "has the burden of pleading . . . that he did not make the discovery" of the facts constituting the cause of action until some date within the applicable limitations period and, in particular, "must allege . . . facts showing the time and surrounding circumstances of the discovery and what the discovery was."  See Hobart, 26 Cal. 2d at 437, 441.

With respect to Sakai, plaintiff now alleges "Sakai did not discover the facts giving rise to the claims for relief alleged herein at any time; the discovery of the facts alleged herein [was] made by Plaintiff within a date within two years prior to the filing of this action."  (See TAC ¶¶ 61, 71.)  Plaintiff further alleges Sakai "is presently suffering from senile dementia" and "at all times herein was[ ] incapable of properly caring for her property or transacting any business or fully understanding the nature or effects of her acts."  (See id. ¶ 22.)  With respect to plaintiff, the complaint alleges plaintiff was appointed co-trustee of the Sakai Trust on August 1, 2002, and did not learn of the existence of the Merrill Annuity until December 2003 or January 2004 when he called a telephone number listed in a Merrill Lynch statement to determine the source of a "monthly credit transaction," and was told the

---

[1] In May 1999, defendants assertedly persuaded Sakai not to withdraw funds from the Merrill Annuity in a lump sum and to change the guaranteed payment term from ten years to five years.  (See TAC ¶ 31.)

credits were payments from the Merrill Annuity.  (See id. ¶¶ 35, 36.)

Because plaintiff now alleges that Sakai never became aware of the asserted unsuitability of her investment in the Merrill Annuity, and that plaintiff was not even appointed trustee until August 2002, a date within four years of the filing of the instant action, plaintiff has adequately alleged timeliness of the cause of action for violation of § 17200 of the California Business and Professions Code, which, as noted, is subject to a four-year statute of limitations.  See Cal. Bus. & Prof. Code § 17208 (setting forth four-year statute of limitations).  Accordingly, to the extent defendants seek dismissal of the § 17200 claim as untimely, the motion is hereby DENIED.

2. Plaintiff has adequately alleged timeliness of his cause of action for violation of the Elder Abuse Act.  As an initial matter, because the Elder Abuse Act sets forth no statute of limitations, the Court resolves the parties' dispute as to the applicable statute of limitations.  Plaintiff argues that the four-year limitation period for claims of breach of fiduciary duty applies; defendants argue the applicability of various two- and three-year limitations periods.  As defendants point out, the California Court of Appeal, in Benun v. Superior Court, 123 Cal. App. 4th 113 (2004), held the two-year statute of limitations set forth in California Code of Civil Procedure § 335.1 applicable to an Elder Abuse Act claim where such claim was based on an allegation that health care providers recklessly or intentionally neglected to provide adequate care.  See id. at 125-26.  Section 335.1, however, governs causes of action for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another," see id. at 125-26, whereas plaintiff here does not allege a physical injury, but, rather, that defendants engaged in "financial abuse" by concealing from Sakai relevant facts about the transactions at issue and advising her to enter into transactions that were in defendants' best interests rather than in Sakai's best interests, (see, e.g., TAC ¶¶ 47, 50).  Consequently, the reasoning of Benun has no application to the instant action.  Rather, because the gravamen of plaintiff's Elder Abuse Act claim is breach of fiduciary duty, the Court finds persuasive plaintiff's argument that the Court should apply the four-year statute of limitations applicable to

3

1  claims of breach of fiduciary duty.  See, e.g., Davies v. Krasna, 14 Cal. 3d 502, 515 (1975)
2  ("The statute of limitations to be applied is determined by the nature of the right sued upon,
3  not by the form of the action or the relief demanded"); Smith v. Ben Bennett, Inc., 133 Cal.
4  App. 4th 1507, 1525 (2005) (noting statute of limitations is governed by "gravamen of the
5  cause of action" and that same cause of action asserted in different cases "may be
6  governed by different statutes of limitations, whenever the gravamen of the cause of action
7  is different"); Stalberg v. Western Title Ins. Co., 230 Cal. App. 3d 1223, 1230 (1991)
8  (holding cause of action for breach of fiduciary duty based on concealment of facts
9  governed by four-year statute of limitations); Robuck v. Dean Witter & Co., Inc., 649 F.2d
10 641, 644 (9th Cir. 1980) (applying four-year limitations period to investor's claim against
11 investment advisor for breach of fiduciary duty).[2]

12  Because plaintiff alleges that Sakai never became aware of the asserted
13 unsuitability of her investment in the Merrill Annuity, and plaintiff was not appointed trustee
14 until August 2002, a date within four years of the filing of the instant action, defendants'
15 motion, to the extent defendants seek dismissal of the Elder Abuse Act claims as untimely,
16 is hereby DENIED.

17  3. Plaintiff has adequately alleged timeliness of his cause of action for breach of
18 fiduciary duty.  As noted, the applicable limitations period for claims based on breach of
19 fiduciary duty is four years.  The Court is unpersuaded by defendants' contention that the
20 gravamen of plaintiff's breach of fiduciary duty claim is fraud and that the three-year
21 limitations period for fraud claims is applicable.  Although plaintiff's breach of fiduciary duty

---

[2] The Court finds unpersuasive defendants' argument, set forth for the first time in their reply, that the gravamen of the Elder Abuse Act claim is fraud.  Consequently, the Court finds the three-year statute of limitations for fraud claims set forth in California Code of Civil Procedure § 338(d) is inapplicable to the Elder Abuse Act claim.  The Court also finds unpersuasive defendants' alternative argument, also raised for the first time in their reply, that the three-year statute of limitations set forth in California Code of Civil Procedure § 338(a), for "an action on a liability created by statute" applies to the Elder Abuse Act claim; § 338(a) applies only where "the liability is embodied in a statutory provision and was of a type which did not exist at common law."  See Lehman v. Superior Court, 145 Cal. App. 4th 109, 118 (2006).  Defendants have not argued, much less demonstrated, that the Elder Abuse Act creates a type of liability that did not exist at common law.

4

claim arguably includes some allegations of fraudulent conduct, (see, e.g., TAC ¶ 64), plaintiff also alleges liability based solely on defendants' entry into transactions that were in their best interests but not in the best interests of Sakai, (see id. ¶¶ 24, 30, 63). Under such circumstances, the gravamen of the claim is not fraud and the statute of limitations applicable to fraud claims does not apply.[3] See, e.g., Federal Deposit Ins. Corp. v. McSweeney, 976 F.2d 532, 535 n.2 (9th Cir. 1992) (citing Davis & Cox v. Summa Corp., 751 F.2d 1507, 1520 n.3 (9th Cir. 1985)) (holding three-year limitations period not applicable to breach of fiduciary claim where claim is "not based solely on fraud" and that where "two limitations provisions arguably apply, the longer of the two takes precedence"). Similarly, and again contrary to defendants' argument, plaintiff's breach of fiduciary duty claim is not subject to dismissal for failure to comply with the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. See, e.g., In re Daou Systems, Inc., 411 F.3d 1006, 1027 (9th Cir. 2005) (internal quotation and citation omitted) ("Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated.")

Accordingly, to the extent defendants seek dismissal of plaintiff's breach of fiduciary duty claim as untimely and for failure to plead such claim with the particularity required by Rule 9(b), the motion is hereby DENIED.

4. Defendants shall answer the complaint within 21 days of the date this order is filed.

This order terminates Docket No. 64.

**IT IS SO ORDERED.**

Dated: April 30, 2007

MAXINE M. CHESNEY
United States District Judge

---

[3] Plaintiff deleted his previously-asserted fraud claim when he filed the Third Amended Complaint.