**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SAKAI, in his capacity as Trustee of the Fusako Sakai 1995 Revocable Trust under Trust Agreement dated June 27, 1995,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH LIFE INSURANCE COMPANY, et al.,<br><br>Defendants.<br>_____/ | No. C-06-2581 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; VACATING HEARING** |

    Before the Court is defendants Merrill Lynch Life Insurance Company and Merrill Lynch Life Agency, Inc.'s (collectively, "defendants") motion for summary judgment or, in the alternative, for summary adjudication, filed November 30, 2007. Plaintiff Dale Sakai ("plaintiff"), in his capacity as trustee of the Fusako Sakai 1995 Revocable Trust, has filed opposition to the motion; defendants have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the January 4, 2008 hearing on the matter, and rules as follows.

    In the Third Amended Complaint ("TAC"), plaintiff brings three causes of action: (1) violation of the California Elder Abuse and Dependant Adult Civil Protection Act, Cal. Welf. & Inst. Code § 15600, et seq.; (2) breach of fiduciary duty; and (3) violation of the

California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. Defendants argue each of said claims is barred by the statute of limitations.

The date of the last assertedly wrongful act alleged in the TAC is May 1999, when, plaintiff alleges, defendants persuaded Fusako Sakai not to withdraw funds from a Merrill Lynch annuity in a lump sum and to change the guaranteed payment term from ten years to five years. (See TAC ¶ 31.) Plaintiff filed the initial complaint in this matter on April 14, 2006. The Court has found that the statute of limitations for each claim is four years. (See Order filed April 30, 2007 at 2:2, 3:26-4:1, 4:18-19.) Accordingly, in the absence of a recognized exception, the limitations period expired in May 2003, and, consequently, each of plaintiff's claims would be time-barred.[1]

Where a fiduciary relationship exists between the parties,[2] "the statute does not run until [the plaintiff] has notice or knowledge of facts sufficient to put a reasonable man on inquiry." See Hobart v. Hobart Estate Co., 26 Cal.2d 412, 442 (1945).[3] Because tolling under such circumstances is treated as an exception, "the plaintiff has the burden of . . . proving that he did not make the discovery" until some time within the applicable limitations period. See Hobart, 26 Cal.2d at 437. In particular, the plaintiff "must show the times and the circumstances under which the facts constituting the fraud were brought to his knowledge." See id. at 442-43 (internal quotation and citation omitted) (noting "[t]he requirement that plaintiff show what information he received or what suspicious facts came to his notice is imposed in order that the court may determine whether or not the discovery was made within the time alleged, that is, whether plaintiff actually learned something he

---

[1] Although issues concerning the statute of limitations ordinarily present questions of fact, summary judgment is proper where there are no factual disputes. See Jolly v. Eli Lilly and Co., 44 Cal.3d 1103, 1112 (1988).

[2] The Court assumes, for purposes of the instant motion, that a fiduciary relationship existed between Fusako Sakai and defendants.

[3] Although plaintiff herein is Dale Sakai, both plaintiff and defendants, in addressing this issue, focus on Fusako Sakai. Irrespective of whether the subject of the instant inquiry is Dale Sakai, Fusako Sakai, or both, given plaintiff's failure, as set forth below, to offer any evidence on the issue, the Court's conclusion would remain the same.

1 did not know before").

2 Here, plaintiff seeks to rely on the above exception, but offers no evidence as to the
3 time of discovery of the facts constituting plaintiff's causes of action, let alone the
4 circumstances surrounding such discovery. In response to defendants' argument, plaintiff
5 argues only that defendants have failed to show Fusako Sakai had knowledge of facts that
6 would trigger the statue of limitations. (See Pl.'s Opp'n at 11:6-19.) Contrary to plaintiff's
7 argument, it is plaintiff's burden to "establish facts sufficient to show that he made an actual
8 discovery of hitherto unknown information," see Hobart, 26 Cal.2d at 442, within the four
9 years preceding the commencement of the instant action.[4] As noted, plaintiff has failed to
10 offer any evidence on this issue.

11 In sum, plaintiff has failed to meet his burden of showing he is entitled to tolling of
12 the statute of limitations and, consequently, each of plaintiff's claims is time-barred.[5]

**CONCLUSION**

14 Accordingly, for the reasons stated, defendants' motion for summary judgment is
15 hereby GRANTED.

16 The Clerk is directed to close the file.

17 **IT IS SO ORDERED.**

19 Dated: January 7, 2008

MAXINE M. CHESNEY
United States District Judge

---

[4] The Court notes that plaintiff's burden relative to the statute of limitations has been raised repeatedly throughout the course of this litigation. (See, e.g., Order filed September 26, 2007 at 7:23-9:15 (dismissing complaint and affording plaintiff leave to amend to augment allegations as to statute of limitations); Order filed December 15, 2007 at 1:27-2:2 (dismissing complaint as time-barred and affording plaintiff leave to amend); Order filed April 30, 2007 at 1:28-5:18 (finding plaintiff adequately alleged facts regarding tolling of statute of limitations.))

[5] In light of this finding, the Court does not reach defendants' arguments with respect to the merits of plaintiff's claims.