IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SAKAI, in his capacity as Trustee of the Fusako Sakai 1995 Revocable Trust under Trust Agreement dated June 27, 1995<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. / | No. C 06-2581 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER; SETTING ASIDE ORDER FILED JANUARY 7, 2008; VACATING JUDGMENT** |

Before the Court is plaintiff Dale Sakai's ("plaintiff") motion filed January 22, 2008, by which plaintiff seeks reconsideration of the Court's order of January 7, 2008 granting Defendants Merrill Lynch Life Insurance Company and Merrill Lynch Life Agency, Inc.'s (collectively, "defendants") motion for summary judgment. Defendants have filed opposition to the motion, to which plaintiff has replied. The matter came on regularly for hearing on February 29, 2008. Maureen Harrington of McGrane Greenfield LLP appeared on behalf of plaintiff and Daniel Murphy of Loeb & Loeb LLP appeared on behalf of defendants. Having considered the papers filed in support of and in opposition to the motion, and the arguments of counsel, the Court rules as follows.

On January 7, 2008, the Court granted defendants' motion for summary judgment

and found each of plaintiff's claims barred by the statute of limitations for the reason that plaintiff failed to produce evidence as to the time of discovery of the facts constituting plaintiff's causes of action and the circumstances surrounding such discovery. (See Order filed Jan. 7, 2008 at 3:2-4.) By the instant motion for reconsideration, plaintiff seeks relief on the ground, inter alia, that the evidence presented by defendants in support of summary judgment was insufficient to shift to plaintiff the burden as to the discovery of the facts constituting plaintiff's causes of action. (See Mot. for Recons. at 1:22-2:7.)

To obtain summary judgment, a moving party must show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed.R.Civ.P. 56(c). Where the burden of proof at trial rests with the nonmoving party, the moving party may satisfy Rule 56 in one of two ways. "First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim." See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting). "Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim," i.e., "that the nonmoving party . . . has no evidence." Id. at 331-32.

Here, defendants proceeded under the first approach. (See Defs.' Opp'n to Mot. for Recons. at 2:8-13 (confirming reliance on defendants' evidence; distinguishing second Celotex approach)). Specifically, defendants submitted affirmative evidence, which evidence, defendants argued, demonstrated as a matter of law that plaintiff's claims are barred by the statute of limitations. In presenting their evidence, defendants' argument was directed to Fusako Sakai's knowledge of the terms of the Merrill Lynch Annuity ("Annuity"); it did not focus on Fusako Sakai's knowledge of the "unsuitability" of the Annuity. Plaintiff's complaint, however, is not solely that Fusako Sakai was unaware of the fact she had invested in an annuity or unable to understand the features of this particular annuity; plaintiff's complaint is based, alternatively, on the theory that defendant breached its duty to Fusako Sakai by placing her in an "unsuitable" investment. (See Third Amended Complaint ("TAC") ¶ 34.)

At the February 29, 2008 hearing on plaintiff's motion to reconsider, defendant expressly articulated, for the first time, that Fusako Sakai, at a meeting with her tax preparer in early 2000, demonstrated her knowledge of unsuitability, or at least was on notice of unsuitability,[1] by inquiring into and expressing her dissatisfaction with certain tax consequences of the Annuity, specifically, the California "premium tax," one of the aspects of the Annuity on which the complaint is based. (See TAC ¶ 34(d).)

Even assuming defendants' motion can be read to have made this point earlier, such evidence, viewed in the light most favorable to plaintiff, see U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962) (holding "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion"), does not demonstrate Fusako Sakai knew, or was on notice, at such time that the Annuity was an "unsuitable" investment. Because plaintiff did, indisputably, receive a number of benefits from the Annuity, plaintiff's complaint is, in essence, a claim that Fusako Sakai could have received the equivalent of such benefits, with equivalent security, in an investment that did not entail equivalent tax consequences or include any of the other features of which plaintiff now complains. Consequently, the fact that Fusako Sakai inquired about the "premium tax," and even expressed displeasure about having to pay it,[2] does not as a matter of law show she knew or was on notice of the fact that the Annuity was not "suitable" for her. Indeed, the evidence on which defendants rely demonstrates that, when the was tax was shown to be correct, Fusako Sakai "accepted" it. (See Edmiston Decl. in Support of Defs.' Mot. for Summary J. Ex. W (Dep. of Katherine Nakagawa) at 65:12-66:6.)

Accordingly, for the reasons stated above and the reasons stated at the February

---

[1] Where a fiduciary relationship exists, as was assumed by defendants for purposes of their motion for summary judgment, accrual of a cause of action is postponed "until the beneficiary has knowledge or notice of the act constituting a breach of fidelity." See Eisenbaum v. Western Energy Resources, Inc., 218 Cal.App.3d 314, 324 (Cal. Ct. App. 1990).

[2] The Court takes judicial notice of the fact that no one is happy about having to pay taxes.

3

29, 2008 hearing, plaintiff's motion to reconsider is hereby GRANTED; the Court's order of January 7, 2008 granting defendants' motion for summary judgment is hereby set aside and the judgment entered thereon is VACATED.[3]

**IT IS SO ORDERED**.

Dated: March 7, 2008

                                         MAXINE M. CHESNEY
                                         United States District Judge

---

[3] To the extent defendants' motion encompasses arguments going to the merits of plaintiff's claims, the motion is deemed under submission. In the event the Court finds a hearing on the remaining issues would be helpful, the parties will be so notified and a hearing set at that time.