**United States District Court**

**For the Northern District of California**

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DALE SAKAI, in his capacity as Trustee of        No. C-06-2581 MMC
     the Fusako Sakai 1995 Revocable Trust
11   under Trust Agreement dated June 27,             **ORDER DENYING MOTION TO STRIKE;**
     1995,                                            **DENYING  MOTION FOR**
12                                                    **RECONSIDERATION; VACATING**
                        Plaintiff,                    **HEARING**
13
                 v.
14
     MERRILL LYNCH LIFE INSURANCE
15   COMPANY, et al.,

16                      Defendants
                                                  /
17

18          Before the Court is the Motion for Reconsideration of Order Granting Partial

19   Summary Judgment Pursuant to FRCP 59(e) and/or 60(b), filed September 24, 2008 by

20   plaintiff Dale Sakai and noticed for hearing November 7, 2008.  By said motion, plaintiff

21   seeks reconsideration of the Court's Order Granting in Part and Denying in Part

22   Defendants' Motion for Summary Judgment (hereafter "September 10 Order"), to the extent

23   such order precludes plaintiff from pursuing his prayer for punitive damages, enhanced

24   damages, and attorney's fees as against such defendants.  Defendants Merrill Lynch Life

25   Insurance Company and Merrill Lynch Agency (collectively "defendants") have filed

26   opposition, to which plaintiff has replied.  Also before the Court is defendants' Ex Parte

27   Application, or in the Alternative Miscellaneous Request, for Order (1) Striking Plaintiff Dale

28   Sakai's Motion for Reconsideration Pursuant to FRCP 59(e) and/or 60(b), and (2) Vacating

1 Any Hearing Thereon, filed September 30, 2008, and plaintiff's opposition thereto.

2      Having read and considered the papers filed in support of and in opposition to the

3 motions, the Court deems both matters appropriate for determination on the parties' written

4 submissions, hereby VACATES the hearing scheduled for November 7, 2008, and rules as

5 follows.

6      At the outset, the Court addresses defendants' motion to strike.  Defendants argue,

7 correctly, that Federal Rules of Civil Procedure 59(e) and 60(b) are inapplicable to

8 interlocutory orders, such as the order challenged by the instant motion.  See, e.g., Nidec

9 Corporation v. Victor Company of Japan, Ltd., 2007 WL 4108092, *3 (N.D. Cal. 2007).

10 Rather, as defendants note, the proper procedure for plaintiff to have followed was to file,

11 pursuant to Civil Local Rule 7-9, a motion for leave to file a motion for reconsideration.  See

12 Civil L.R. 7-9 (requiring leave of court before filing motion for reconsideration of

13 interlocutory order).  In opposing defendants' motion to strike, plaintiff requests that, if the

14 Court concludes Civil Local Rule 7-9 is applicable, plaintiff's motion be construed as a

15 motion made pursuant to such rule and on the ground that the court failed to consider

16 material facts.  See Civil L.R. 7-9(a)-(c) (setting forth grounds for motion for reconsideration

17 of interlocutory orders).  Plaintiff's request that his motion be so construed is hereby

18 granted and, accordingly, defendants' motion to strike is hereby DENIED.

19      Where a motion is made pursuant to Civil Local Rule 7-9, no response need be filed

20 and no hearing will be held unless the Court requires such additional filing and/or hearing.

21 See Civil L.R. 7-9(d).  In this instance, the Court has determined such response would

22 assist the Court.[1]

23      Turning to the merits of the parties' respective positions on the issue of

24 reconsideration, the Court finds plaintiff has failed to demonstrate good cause for the relief

25 sought.  In particular, as the Court's September 10 Order makes clear, the Court, in

26

27      [1] The Court further notes that because plaintiff's motion is based on an argument that the Court failed to consider material facts, the question of whether plaintiff should be
28 granted leave to file a motion for reconsideration is, for all practical purposes, the equivalent of whether such motion itself should be granted.

2

1  granting in part defendants' motion for summary judgment, fully considered the applicable

2  law and the totality of the evidentiary record submitted by the parties in connection with

3  said motion, and, based thereon, found plaintiff had failed to submit evidence sufficient to

4  raise a triable issue of material fact with respect to his claims, as against defendants

5  herein, for any damages other than those of a compensatory nature.  (See September 10

6  Order at 11:4-14:8.)[2]

7          In moving for reconsideration, plaintiff offers nothing more than a disagreement with

8  the Court's prior ruling.

9          Accordingly, plaintiff's motion is hereby DENIED.

10         **IT IS SO ORDERED.**

11

12  Dated: October 28, 2008

13  MAXINE M. CHESNEY
    United States District Judge

14

15

16

17

18

19

20

21

22

23         [2] Contrary to plaintiff's contention in the instant motion, defendants, in their motion
24  for summary judgment, did not "fail to negate an essential element of Plaintiff's claim for
    punitive damages and enhanced remedies."  (See Mot. for Recons. at 8:8-10.)  In contrast
25  to the argument defendants made in reliance on the statute of limitations, defendants'
    argument on the merits of plaintiff's claim for exemplary damages and enhanced remedies
26  was predicated on defendants' assertion that plaintiff had no evidence to support such
    damages claims.  (See, e.g., Def.'s Mot. for Summ. J. at 18:11-22.)  Indeed, in response to
27  that argument, and in contrast to plaintiff's opposition to defendants' argument based on the
    statute of limitations, plaintiff came forward with the evidence on which plaintiff relied, and
28  continues to rely, in support of his claim for such additional damages.  (See, e.g., Opp'n to
    Def.'s Mot. for Summ. J. at 21:3-16; Mot. for Recons. at 4:13-5:3.)

3